UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| PAMELA DONAHUE, ) | | |
| Plaintiff, ) | | |
| ) | | |
| vs. ) | 1:08-cv-065-SEB-JMS | |
| ) | | |
| CBRL GROUP, INC., d/b/a ) | | |
| CRACKER BARREL OLD ) | | |
| COUNTRY STORE, | | |
| Defendant. | | |

**ENTRY ON PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**

This matter is before the magistrate judge on Plaintiff's Motion for Leave to File Amended Complaint (Dkt. # 27). No response was filed to the motion, and the time for doing so has expired. Being duly advised, the magistrate judge **DENIES** the motion for the reasons set forth below.

Plaintiff seeks leave of Court to amend her original complaint in order to add additional claims against additional defendants. Plaintiff's original claim is a Title VII employment discrimination claim against Cracker Barrel, and Plaintiff asserts that the Court has subject-matter jurisdiction over this claim under 28 U.S.C. § 1331. Plaintiff proposes to add state law defamation and tortious interference with employment claims against Cracker Barrel customers Michael and Karen Perry ("the Perrys"). In her proposed amended complaint, however, Plaintiff fails to assert any basis for subject-matter jurisdiction over the additional claims and parties.

Questions of subject-matter jurisdiction may be raised by the court *sua sponte*. "[T]he court has an independent duty to satisfy itself that it has subject-matter jurisdiction." *Hammes v. AAMCO Transmissions, Inc.*, 33 F.3d 774, 778 (7th Cir. 1994). In addition, "the burden of

proving subject-matter jurisdiction lies on the party attempting to assert jurisdiction." *TIG Ins. Co. v. Reliable Research Co.*, 334 F.3d 630, 634 (7th Cir. 2003). Plaintiff's proposed additional state law claims are not "federal questions" and therefore are not subject to this Court's jurisdiction under 28 U.S.C. § 1331, as asserted in the proposed Amended Complaint.  The Court infers, however, that Plaintiff intended to assert that the Court has supplemental jurisdiction over the state law claims via 28 U.S.C. § 1367(a). The statute reads, in pertinent part, "[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties." Because the Plaintiff's proposed added claims involve the joinder of additional parties, the claims must meet the permissive joinder rules set forth in FRCP 20 as well as the "same case or controversy" requirement of §1367.  The state-law claims meet neither standard, and therefore cannot be asserted in this action.

Supplemental jurisdiction, also known as "pendent jurisdiction," is a question of judicial power under §1367(a). For a federal district court to exercise jurisdiction over state and federal claims together, the claims "must derive from a common nucleus of operative fact.  But if, considered without regard to their federal or state character, a plaintiff's claims are such that he would ordinarily be expected to try them all in one judicial proceeding, then, assuming substantiality of the federal issues, there is power in federal courts to hear the whole." *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725 (1966). The 1990 codification of pendent jurisdiction into 28 U.S.C. § 1367 has been characterized by some courts as reducing the "common nucleus" requirement to only "[a] loose factual connection between the claims." *Jones*

*v. Ford Motor Credit*, 358 F. 3d 205, 213 (2nd Cir. 2004) (quoting *Channell v. Citicorp National Services, Inc.*, 89 F.3d 379 (7th Cir. 1996)). However, it is noted that the "common nucleus" requirement was developed to limit the state law claims that a plaintiff could join with his federal law claims." A plaintiff might be tempted to file an insubstantial federal law claim as an excuse to tie to it one or more state law claims that do not belong in federal court." *Id* at 214 n.7.

In this case, the "nucleus of operative fact" for Plaintiff's federal claim concerns whether Cracker Barrel discriminated against her on the basis of her age. This is not only an entirely different legal theory than that propounded against the Perrys, it concerns a very different set of issues than those surrounding whether or not the Perrys defamed the Plaintiff or interfered with her employment. (*See PAAC v. Rizzo*, 502 F.2d 306, 313 (3rd Cir. 1974), holding a plaintiff's defamation claim to be factually distinct from the primary claim that plaintiff was illegally discharged). The present case is different from the situation in *Ammerman v. Sween*, 54 F. 3d 423 (7th Cir. 1995), where the plaintiff brought a Title VII sexual harassment claim against her employer along with a state law tort claim against the alleged harasser. There, the liability of both parties originated from the same alleged harassing behavior. Here, liability, if any, will derive from entirely distinct and unrelated actions on the parts of the different defendants. Thus, the different claims asserted here would normally be expected to be tried in separate judicial proceedings.

FRCP 20 governs the permissive joinder of parties, and is implicated by a motion to amend the pleadings to add a new party. *Hinson v. Norwest Financial South Carolina, Inc.*, 239 F.3d 611, 618 (4th Cir. 2001). "Indeed, satisfying the joinder requirements is necessary to the court's subject matter jurisdiction under 28 U.S.C. § 1367(a)." *Id*. Under Rule 20(a)(2), persons may be joined as defendants if: "(A) any right to relief is asserted against them jointly, severally,

or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." The Rule requires both (A) and (B) be met in order for joinder to be proper.

It is not likely that a question of law or fact common to all defendants will arise in this action. At best, a question of fact as to what the Perrys said or did may arise as part of Cracker Barrel's defense. Moreover, it is clear that the Plaintiff's assertions against the different defendants did not arise out of the same transaction, occurrence, or series of transactions. As the Court noted above, the legal theories supporting the federal and state claims are entirely different. In fact, the state law claims, if proved, could tend to disprove the discrimination claim. See *Kabes v. School Dist. of River Falls*, 387 F.Supp.2d 955, 971 (W.D. Wis. 2005) (*citing Hartley v. Wisconsin Bell, Inc.,* 124 F.3d 887, 890 (7th Cir. 1997) (noting that an employer's explanation for an adverse employment action "can be 'foolish or trivial or even baseless' so long as it was 'honestly believed.'"). The Plaintiff may not "have her cake and eat it too" by bringing both sets of claims and defendants into federal court. The Plaintiff's claims against the Perrys belong in state court.

For the foregoing reasons, the magistrate judge **DENIES** Plaintiff's Motion for Leave to File Amended Complaint.

**SO ORDERED.**

June 17, 2008

_____
Jane Magnus-Stinson
United States Magistrate Judge
Southern District of Indiana

Distribution:

Jay Meisenhelder
HASKIN LAUTER & LARUE
Email: jmeisenhelder@hlllaw.com

John H. Haskin
HASKIN LAUTER & LARUE
Email: jhaskin@hlllaw.com

David E. Gevertz
BAKER DONELSON BEARMAN
CALDWELL & BERKOWITZ, PC
Email: dgevertz@bakerdonelson.com